UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-22032-SEITZ/SIMONTON

BUSHI PAYNE,

        Plaintiff,

v.

SECURITY & CRIME PREVENTION SERVICE, INC.,
and MICHAEL RAINFORD,

        Defendants.
_____/

## ORDER GRANTING IN PART AMENDED MOTION FOR DEFAULT JUDGMENT AND SETTNG EVIDENTIARY HEARING

This matter is before the Court on Plaintiff Bushi Payne's Amended Motion for Default Final Judgment as to Liability [DE-26] against Defendants, Security & Crime Prevention Service, Inc. and Michael Rainford.[1] Plaintiff's Complaint [DE-1] alleges two violations each of the Fair Labor Standards Act (FLSA), 15 U.S.C. § 201 *et seq.*, and of the Florida Minimum Wage Act (FMWA), Fla. Stat. § 448.110.[2] Plaintiff seeks a default judgment as to liability on the grounds that Defendants have not properly defended this action. Upon review of Plaintiff's motion, the Complaint, and the record, the Court will grant Plaintiff's motion only in part because the allegations in the Complaint as to Counts I and II do not set forth sufficient facts to merit the entry of judgment as to liability. Because Counts III and IV contain sufficient facts to support a retaliation claim, Plaintiff is entitled to a default judgment on liability as to these Counts.

---

[1] Defendant Michael Rainford is not a member of the military [DE-26-3,4].

[2] The Complaint includes four counts, namely: minimum wage violation under the FLSA, 29 U.S.C. § 206(a)(1) (Count I); "unpaid wages" under the FMWA, Fla. Stat. § 448.110 (Count II); retaliation for protected activity in violation of the FLSA, 29 U.S.C. § 215(a)(3) (Count III); and retaliation for protected activity in violation of FMWA, Fla. Stat. § 448.110(5) (Count IV).

I. **Procedural Facts**

Since the beginning, this case has been marked by Defendants' foot-dragging. Plaintiff filed the Complaint on May 30, 2012. On July 23, 2012, the Clerk of Court entered a default against Defendants for failure to respond.[3] [DE-11]. Nonetheless, on August 1, 2012, Defendants filed an Answer [DE-13] and the case proceeded.

Pursuant to the Order Requiring Joint Scheduling Report [DE-6], the parties were required to submit a JSR by September 5, 2012 or within 14 days after their settlement conference. The settlement conference took place on November 26, 2012 [DE-20]; however, the parties failed to reach an agreement. On January 14, 2013, Plaintiff submitted a Unilateral Scheduling Report [DE-21], citing his unsuccessful attempts to confer with Defendants. The Court issued an Order Regarding Joint Scheduling Report [DE-22] requiring Defendants to communicate with Plaintiff's counsel by January 28, 2013 to prepare a JSR. In that Order, the Court also granted Plaintiff leave to file a motion for entry of default judgment in the event Defendants failed to comply. As of this date, Defendants have not complied with the Court's Order to communicate with Plaintiff's counsel to prepare a JSR, neither have they explained their failure to do so.

II. **Legal Standard**

Rule 55(a) of the Federal Rules of Civil Procedure states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter a party's default." Fed. R. Civ. P. 55(a). Once this has occurred, "the party [that has obtained the clerk's entry of default] must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

---

[3] Defendants later filed a Motion to Set Aside the Clerk's Default [DE-27]; however, the motion was stricken [DE-30] because Defendants failed to include a certification that they complied with Local Rule 7.1(a)(3) by consulting with Plaintiff to attempt to resolve by agreement the issues raised in the motion. *See* S.D. Fla. L.R. 7.1(a)(3).

2

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). A default judgment may be entered only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Id.* ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, "before entering a default judgment for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to default, actually state a substantive cause of action." *Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

A complaint need not contain detailed factual allegations, but "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

**III.     Discussion**

    *A.     Count I – FLSA Minimum Wage Claim*

In Count I, Plaintiff alleges that Defendants willfully failed to compensate him at the federal minimum wage rate, in violation of the FLSA. Compl., ¶ 13. Section 206(a)(1) of the FLSA requires employers who meet its preconditions to pay workers a minimum wage. 29 U.S.C. § 206(a)(1). To establish a minimum wage claim, a Plaintiff must allege that 1) he was employed during the time period involved, 2) he was engaged in commerce or the production of goods for commerce, or was employed by an enterprise engaged in commerce or the production of goods for commerce, and 3) that the employer failed to pay the minimum wage required by law. *See Johnson v. Nobu Assocs. S. Beach, LP*, 2010 WL 4366253, at *2 (S.D. Fla. Oct. 28, 2010).

Plaintiff's allegations are insufficient to plead either individual or enterprise coverage as required by the FLSA. To state an FLSA claim, "an employee must first demonstrate that he is 'covered' by the FLSA." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1298 (11th Cir. 2011). Individual coverage exists if an employee "directly participat[es] in the actual movement of persons or things in interstate commerce," or if the employee's work is "closely related and directly essential to the production of goods for commerce." *Thorne v. All Restoration Servs., Inc.*, 448 F.3d 1264, 1266, 1269 (11th Cir. 2006). Enterprise coverage exists if "an employer 1) has employees who engage in interstate commerce, produce goods for interstate commerce, or handle, sell, or work on things that have been moved in or produced for interstate commerce by any person and 2) has annual business revenue of more than $500,000." *Vignoli v. Clifton Apartments, Inc.*, 2013 WL 1099030, at *2 (S.D. Fla. Mar. 13, 2013).

To properly allege individual or enterprise coverage, a plaintiff must state the nature of the plaintiff's work and of the defendant's business, and must provide "straightforward allegations connecting that work to interstate commerce." *Ceant v. Aventura Limousine & Transp. Serv., Inc.*, 874 F. Supp. 2d 1373, 1378 (S.D. Fla. 2012) (finding that neither individual nor enterprise coverage was properly pled when Plaintiff solely alleged that he worked as a driver, with no description of the nature of his work, of the transportation services his employer provided, or of their connection to interstate commerce).

Plaintiff failed to sufficiently plead individual coverage. Plaintiff avers that he worked "as a Security" and "[was] engaged in commerce." Compl., ¶ 3. However, the Complaint is devoid of any facts stating the nature of Plaintiff's work or of how his work was connected to interstate commerce.

Therefore, Plaintiff's barebones reference to his employment and his conclusory assertion of being engaged in commerce are insufficient to properly allege individual coverage.[4]

Likewise, Plaintiff has not properly pled enterprise coverage. Plaintiff alleges that Defendants "were an enterprise engaged in commerce or the production of goods for commerce," that they "employed employees who regularly were and are engaged in commerce or the production of goods for commerce," and that Defendants had "annual gross volume of sales or business done of not less than $500,000." *Id.*, ¶ 8–9. However, apart from merely reciting the applicable statutory language, Plaintiff alleges no specific facts describing the nature of Defendants' business or its connection to interstate commerce. As a result, Plaintiff has also failed to allege enterprise coverage.

Finally, Plaintiff has not sufficiently pled the third element of an FLSA claim—that the Defendant failed to pay the minimum wage required under the statute. With regard to this element, Plaintiff's sole allegation is that Defendants "willfully violated [provisions of the FLSA] by failing to compensate the Plaintiff at a rate equal to the federal minimum wage requirement for work performed." *Id.*, ¶ 13. However, the Complaint includes no additional facts supporting this allegation. "Naked assertions devoid of further factual enhancement" are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As such, Plaintiff's minimum wage claim fails.

### B.  Count II – FMWA Unpaid Wages Claim

In Count II, Plaintiff alleges that Defendants violated Florida law by failing to pay him for hours worked. The FMWA requires employers to "pay employees a minimum wage at an hourly rate of $6.15 for all hours worked in Florida." Fla. Stat. § 448.110(3). The FMWA mandates that "prior to bringing any claim for unpaid minimum wages . . . the person aggrieved shall notify the employer alleged to have violated this section, in writing, of an intent to initiate such action." Fla. Stat. §

---

[4] Plaintiff has not supplemented the record with a motion for summary judgment and affidavit providing the requisite facts to support either individual or enterprise coverage.

448.110(6)(a). *See e.g.*, *Resnick v. Oppenheimer & Co. Inc.*, 2008 WL 113665, at *3 (S.D. Fla. Jan. 8, 2008) (granting defendant's motion to dismiss because plaintiff failed to comply with the requisite notice to the employer).

Here, there is no indication in the record that Plaintiff gave the requisite notice to Defendants before initiating the FMWA action. As a result, Plaintiff has failed to state a claim for violation of Fla. Stat. § 448.110(6)(a) and default judgment must be denied as to Count II.

### C.     *Count III – FLSA Retaliation Claim*

Plaintiff alleges in Count III that Defendants retaliated against him in violation of Section 215(a)(3) of the FLSA. By Defendants' failure to prosecute this action, Plaintiff's allegations are admitted. The FLSA forbids any person "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint" alleging a violation of the Act. 29 U.S.C. § 215(a)(3). The Supreme Court has held that the anti-retaliation provision covers oral, as well as written, complaints. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S. Ct. 1325, 1328 (2011). To establish a retaliation claim, a plaintiff must show that 1) he was engaged in protected activity under the FLSA; 2) he suffered an adverse action by his employer; and 3) a causal connection exists between Plaintiff's activity and the adverse action. *See Wolf v. Coca–Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000).

Plaintiff pled sufficient facts to state a claim for retaliation under the FLSA. According to the Complaint, Plaintiff made oral complaints to Defendants regarding unpaid wages and, as a result, was immediately taken off the work schedule and no longer allowed to work. Plaintiff's alleged oral complaints constituted protected activity under the FLSA's anti-retaliatory provision. Furthermore, Plaintiff suffered an adverse action by Defendants when he was no longer permitted to work. Plaintiff's contention that he was immediately taken off the work schedule for no legitimate reason following his complaints, establishes a sufficient causal connection between Plaintiff's complaints

and Defendants' actions. Therefore, Plaintiff has stated a retaliation claim pursuant to the FLSA. *Echevarria v. Marcvan Rests., Inc.*, 2013 WL 1881313, at *1 (M.D. Fla. May 3, 2013) (granting default judgment when plaintiff alleged that she "complained to Defendant that she was not paid the federal minimum wage under the FLSA, she was terminated by Defendant, and her termination was caused by her complaint about the alleged FLSA violation."). Accordingly, default judgment is granted as to Count III.

### D. Count IV – FMWA Retaliation Claim

In Count IV, Plaintiff contends that Defendants' retaliation violated Florida law. Under the FMWA it is unlawful for an employer to take adverse action against employees in retaliation for exercising rights protected by Article X, Section 24 of the Florida Constitution, Florida's constitutional amendment governing the right to a minimum wage. Fla. Stat. § 448.110(5). Protected rights include the right to file a complaint. *Id.*

As with the FLSA retaliation claim, Plaintiff alleges that he made oral complaints to Defendants regarding unpaid minimum wages, and that as a result he was immediately taken off the work schedule. These allegations are sufficient to state a retaliation claim under the FMWA. *See, e.g., Echevarria*, 2013 WL 1881313, at *2 (holding that plaintiff stated a retaliation claim when she "complained to Defendant that she was not paid the state minimum wage under the FMWA, she was terminated by Defendant, and her termination was caused by her complaint about the alleged FMWA violation."). Accordingly, Plaintiff is entitled to a default judgment as to liability for Count IV.

### IV. Conclusion

Based on the factual allegations in the Complaint, Plaintiff has not provided a sufficient basis for entry of default judgment as to the minimum wage violations alleged in Counts I and II. However, Plaintiff sufficiently stated a claim for relief from Defendants' retaliation, entitling Plaintiff to entry of default judgment as to Counts III and IV. Therefore, it is

ORDERED that:

(1) Plaintiff Bushi Payne's Amended Motion for Default Final Judgment as to Liability [DE-26] is DENIED as to Counts I and II and GRANTED as to Counts III and IV.

(2) Counts I and II are DISMISSED for failure to state a claim for which relief can be granted.

(3) On or before **October 14, 2013**, Plaintiff shall file a motion for default judgment regarding damages as to Counts III and IV, including an affidavit of damages. Failure to comply will result in a dismissal of these claims. Plaintiff must provide a copy of this Order and the motion to Defendants.

(4) Pursuant to Rule 55(b)(2)(B) of the Federal Rules of Civil Procedure, an evidentiary hearing on the issue of damages is hereby set for **November 1, 2013 at 10:00 a.m.**, at the United States District Court, 400 North Miami Avenue, Courtroom 11-4, Miami, Florida.

(5) On or before **October 29, 2013**, Plaintiff shall file with the Court a list of all exhibits Plaintiff intends to present at the evidentiary hearing, and a list of all witnesses Plaintiff intends to call in support of his damages claim, including an estimate of the time required for the examination of each witness.

(6) Entry of judgment is reserved until the damages related to Plaintiff's retaliation claim are determined.

DONE AND ORDERED in Miami, Florida, this 27th day of September, 2013.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All Counsel of Record

8