UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22032-CIV-SEITZ/SIMONTON

BUSHI PAYNE,

    Plaintiff,

v.

SECURITY & CRIME PREVENTION SERVICE
INC., and MICHAEL RAINFORD,

    Defendants.
_____/

**REPORT AND RECOMMENDATION RE:
PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

This matter is before the Court upon Plaintiff's Verified Motion for Award of Attorneys' Fees and Reasonable Expenses of Litigation, ECF No. [45]. The Motion has been referred to the undersigned Magistrate Judge by the Honorable Patricia A. Seitz, the District Judge assigned to the case, ECF No. [46]. The Defendants have not filed a response to the Motion and the deadline for doing so has passed. Following a careful review of the Motion and the attachments thereto, and the record as a whole, it is hereby recommended that Plaintiff's Verified Motion for Award of Attorney's Fees and Reasonable Costs be GRANTED by default.

    I.    **BACKGROUND**

This matter was initiated when Plaintiff Bushi Payne, individually and on behalf of all other similarly situated, filed a four-count Complaint against Defendants Security & Crime Prevention Service, Inc., and Michael Rainford alleging violations of the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq ("FLSA"), ECF No. [1]. The Complaint also alleged that the Defendants violated Florida Statute § 448.110 by failing to pay wages owed to the Plaintiff and, after Mr. Payne complained

about the Defendants' failure to pay him wages and overtime compensation, had retaliated against him, in violation of the FLSA and Florida law.

After the Parties failed to file a joint scheduling report, the Court issued an Order Regarding Joint Scheduling Report wherein the Court cautioned the Defendants that the Court would entertain a motion for default from the Plaintiff if the Defendants, who allegedly would not communicate with Plaintiff's counsel, failed to comply with the Order Regarding Joint Scheduling Report, ECF No. [22].  Pursuant to that Order, after the Defendants did not respond to the Plaintiff's communications, the Plaintiff filed a motion seeking a default against the Defendants, ECF No. [31]. The Court granted the Plaintiff's Motion in part and dismissed the first two counts of the Complaint concluding that the Complaint failed to set forth allegations to support a finding of liability against the Defendants for violations of the minimum wage provisions of the FLSA (Count I), and violations of the Florida Minimum Wage Act ("FMWA") (Count II), ECF No. [31] at 3-6. The Court, however, concluded that in Counts III and IV of the Complaint, the Plaintiff had sufficiently alleged that the Defendants retaliated against him in response to his oral complaints regarding his unpaid wages, in violation of both the FLSA and the FMWA, ECF No. [31] at 6-7.  After conducting an evidentiary hearing as to damages for the remaining Counts, the Court entered a final default judgment in favor of the Plaintiff and against the Defendants in the amount of $37,200.00, ECF Nos. [42] [43].[1]  The Court retained jurisdiction over the matter for purposes of resolving any motions for attorney's fees and costs, ECF No [42] at 3.  The instant motion followed.

---

[1] Neither Defendants nor their counsel attended the evidentiary hearing on Plaintiff's Motion for Final Default Judgment as to Damages, ECF Nos. [42] [44].

**In the Motion, the Plaintiff seeks to recover attorneys' fees in the amount of $8,820.50 and costs in the amount of $410.00.[2]  In support of the Motion, the Plaintiff has submitted the Affidavit of Plaintiff's Counsel, Brian J. Militzok, Esq., which sets forth Mr. Militizok's legal experience and involvement in this action, ECF No [45-1].  In addition, the Plaintiff has submitted Counsel's Fee Ledger that reflects that Brian J. Militzok, Esq. spent 29.9 hours litigating this matter, ECF No. [45-2].  The Fee Ledger also lists costs expended in the case in the amount of $410.00, representing the $350.00 filing fee for the action and the service of process fee of $30.00 per Defendant, totaling $60.00.**

**II.     LEGAL ANALYSIS**

**A.     Attorney's Fees**

It is well settled that the FLSA mandates an award of reasonable attorneys' fees and costs to a prevailing plaintiff, see 29 U.S.C. § 216(b); *Silva v. Miller*, 547 F. Supp.2d 1299, 1304 (S.D. Fla. 2008).  Pursuant to S.D. Fla. Local Rule 7.1(C), the failure to timely respond may be sufficient cause to grant the motion by default.  Nevertheless, as stated by the Court in *Godoy v. New River Pizza, Inc.*, 565 F. Supp. 2d 1345 (S.D. Fla. 2008),

> While a party has a right to attorney's fees incurred in the successful prosecution of his claims under the FLSA, 29 U.S.C. § 216(b), the courts have a corresponding duty to make sure that such an award is reasonable. See *Hensley v. Eckerhart*, 461 U.S. 424, 433–34, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of exactly what amount of fees to award is vested in the sound discretion of the Court.

*Id*. at 1347.  Thus, even when a defendant has failed to oppose a motion for attorney's

---

[2]  In the Motion, the Plaintiff provides two different amounts, $6,034.50 and $8,820.50, for attorney's fees incurred in this action, ECF No. [45] at 7.  The undersigned has totaled the sums in the Fee Ledger and finds that the amount reflected in the Ledger is $8,820.50.

fees, the Court must review the fees and costs claimed by the prevailing plaintiff in order to ensure that the fees sought are reasonable and the costs are authorized under the applicable statute. Therefore, the undersigned will examine the attorney's fees and costs submitted by the Plaintiffs to determine the appropriate amount of an award.

In this Circuit, Courts apply the lodestar method to determine attorneys' fees, which are derived by multiplying a reasonable hourly rate by a reasonable number of hours expended. See *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997).

1. <u>Reasonable Hourly Rate</u>

Under the lodestar method, this Court must first determine whether the fee applicant has satisfied the burden of establishing that his requested hourly rates are reasonable. The fee applicant bears the burden of establishing a reasonable hourly rate, which is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *American Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). "The court is deemed an expert on the issue of hourly rate and may properly consider 'its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.' " *Tyler v. Westway Automotive Service Ctr., Inc.*, 2005 WL 6148128, at *2 (S.D. Fla. Mar.10, 2005) (quoting *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)).

In the Motion for fees, the Plaintiff requests that the Court award an hourly rate of $295.00 for work performed by Mr. Militzok, Counsel for the Plaintiff in this action. In his Affidavit, Mr. Militzok states that he has been a member of the Connecticut and New York bars since 2006 and a member of this Court since 2009. In addition, Counsel states that

4

his practice is almost exclusively dedicated to employment and labor law and that he currently manages the Labor and Employment Group at Militzok & Levy, P.A. Further, Counsel states in his Affidavit and in the Motion that his standard rate is $295.00 per hour and notes that he has been awarded an hourly rate of $295.00 in seven other cases in this district, ECF Nos. [45]at 5-6, [45-1] at 2.

Based upon the Court's own expertise, and familiarity of the prevailing market rate for practitioners with like experience to the Plaintiff's Counsel herein, the Court finds that the hourly rate requested by the Plaintiff is reasonable.

## 2.     Reasonable Hours Expended

The Court must next determine whether the number of hours spent on the matter by counsel were reasonable.  Counsel must use "billing judgment" when requesting attorney's fees and must exclude "excessive, redundant, or otherwise unnecessary" hours from any fee petition, irrespective of their skill, reputation, or experience. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Barnes*, 168 F.3d at 427.  A plaintiff must also supply detailed evidence of the time expended so that this Court may properly assess the time claimed for each activity. *Id*.

The Court has independently and carefully reviewed the Fee Ledger submitted by the Plaintiff to determine whether the number of hours spent on this matter was reasonable.  In this regard, the Court notes that, although ultimately there was a default judgment entered against the Defendants, prior to entry of that judgment, in addition to filing a four-count Complaint, Statement of Claim and unilateral scheduling report, Counsel for the Plaintiff participated in a settlement conference, filed several motions related to seeking a default judgment, and attended an evidentiary hearing to establish Plaintiff's damages prior to the entry of default.  Thus, Plaintiff's request that his Counsel

be compensated for 29.9 hours of work on this matter is supported by the record as a whole, which is consistent with the corresponding billing records.  Therefore, the undersigned concludes that the 29.9 hours spent litigating this matter by Plaintiff's Counsel is reasonable.

### 3. Calculating the Lodestar

Accordingly, based upon a through review of the record, including Plaintiff's Counsel's billing records, and considering that the Defendants have failed to respond to the Motion, the undersigned concludes that Plaintiff is entitled to recover the calculated lodestar total amount of $8,920.50, which represents 29.9 hours or work performed by Plaintiff's Counsel at an hourly rate of $295.00.[3]

### B. Costs

The Plaintiff has also sought to recover his costs for filing and service fees incurred in litigating this matter. Under the FLSA, prevailing plaintiffs are entitled to recover costs incurred in prosecuting FLSA claims.  Typically, prevailing plaintiffs are limited to recovering those costs enumerated in  28 U.S.C. § 1920.  *See Glenn v. General Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988).  The Plaintiff herein requests costs for

---

[3] In reaching this conclusion, the Court has also considered the "*Johnson* factors," including (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1340-41 (11th Cir. 1999)(*citing Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)(*overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989)).

filing and service fees in the amount of $410.00, which represents $350.00 for the cost of filing the complaint, and $60.00 for the cost of serving process on the Defendants.  The Court has examined the costs pursuant to 28 U.S.C. § 1920, and finds that the requested costs are taxable under that statute.

   III.   **CONCLUSION**

Therefore, pursuant to Local Rule 7.1 C., it is hereby

**RECOMMENDED** that Plaintiff's Verified Motion for Award of Attorneys' Fees and Reasonable Expenses of Litigation, ECF No. [45] be **GRANTED by default** and that Plaintiff be awarded $8,820.50 in attorney's fees, and $410.00 in costs, for a total award of $9,230.50 to be assessed against the Defendants Security & Crime Prevention Service, Inc., and Michael Rainford.

**DONE AND SUBMITTED** in chambers in Miami, Florida on August 1, 2014.

*Andrea M. Simonton*
_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Patricia A. Seitz,
    United States District Judge
All counsel of record